## Hall et al. *versus* Lacey et al.

1. The law of the erection of a dam is that it shall not obstruct or impede the navigation of the stream.
2. A dam, of course, must produce a change from the old condition of the stream ; but it must not lessen its navigability.

ERROR to the Court of Common Pleas of *Warren County.*

The defendants were the owners of a mill and dam on the Tionesta Creek.  Plaintiffs were the owners of some timber rafts which were injured in running over the dam.  The questions presented for the adjudication of this court fully appear from the following points put by the defendant, and the charge of the court.

1. The court are requested to charge that, if the jury believe that rafts could be safely run at the time of the injury complained of in this case, as large, and of a similar construction, as could be safely run before the dam was built, the dam does not obstruct the *navigation* of the stream as contemplated by the act of assembly.

2. If the jury believe that plaintiffs' rafts were so constructed that they could not be safely run out of the Tionesta before defendants' dam was erected, they cannot recover from defendants now for injury to their rafts.

3. That plaintiffs are bound to construct and load their rafts in such a manner as would permit them to be safely run, with due care and diligence, before the dam was built through that

[Hall et al. *v.* Lacey et al.]

portion of the creek, and if their rafts were so coupled and loaded as not to run safely in the creek without a dam, they cannot recover for injuries to them in running over the dam.

4. Plaintiffs are bound to use the usual care and diligence in the construction, loading, and running of their rafts, having reference to the stream in its natural state, or they cannot recover.

5. If the jury believe there was not a sufficient freshet at that time to run the creek with such rafts as plaintiffs had in its natural state, without a dam, they have not used that care, prudence, and diligence, which the law requires of them, and they cannot recover.

To which the court, DERRICKSON, J., gave the following answers :—

1. We are not to judge by comparison between the safety and character of navigation over this dam before and after its construction. The defendants have a right to construct a dam across a stream, but not so as to obstruct or impede the navigation thereof; and if they have done this, and the plaintiffs sustain the injury they complain of, as a consequence, the defendants are answerable for it; and we are not to consider whether the stream was difficult of navigation prior thereto.

2. If the plaintiffs' rafts were put together in a manner sufficiently strong and secure to run over the dam safely, provided it was so constructed as not to obstruct or impede the navigation, nothing more could be required; and we are not to inquire whether they could have been safely run along the stream, at the point in question, before the dam was erected.

3. The plaintiffs were bound to construct their rafts and put them together in a proper and safe manner for running, and if they did so with reference to the condition of the creek at the time the running took place, it is sufficient, and they were not required to construct them with reference to a condition of the stream which may have existed prior to the erection of the dam.

4. If by the "stream in its natural state," is meant as it was at the time of the running in question, the point is answered in the affirmative; but if it is to be understood of its condition prior to the erection of the dam, then it is answered in the negative. In either case, however, it would be necessary for the plaintiffs to use the usual care and diligence in the construction, loading, and running of their rafts.

5. If the water was not of sufficient height to allow the running of the plaintiffs' rafts, at the time the loss occurred, and the loss resulted from this cause, and not from any defect in the dam, the plaintiffs cannot recover; but if it arose from the imperfect manner in which the dam was constructed, so

[Hall et al. *v.* Lacey et al.]

much as to impede or obstruct the navigation, and if the rafts were properly put together and skilfully run, then they are entitled to recover.

The charge of the court was the error assigned.

*L. D. Wetmore* and *R. Brown*, for plaintiffs in error, referred to *Bacon* v. *Arthur*, 4 W. 437; act of 23d March, 1803, authorizing plaintiffs in error to erect their dam.

*C. B. Curtis*, for defendant in error.

The opinion of the court was delivered May 6th, 1859, by
Lowrie, J.—The law of the erection of the dam is, that it shall not obstruct or impede the navigation of a stream; or, in other words, that the artificial construction shall be such as not to lessen the natural degree of its navigability, so as thereby to obstruct or impede navigation to the injury of others. The dam, of course, must produce a change from the old condition of the stream; but it must not lessen its navigability. Its natural navigability must be the best measure of its navigability after the dam shall be erected. In so far as navigable before, it must be after erection.

It was, therefore, an essential element of the plaintiffs' case, that by the erection of the dam the natural navigability of the stream was lessened to his injury. When the old condition of the stream is a necessary part of the inquiry, and the law demands an inquiry between the old and new, in order to ascertain if the old is injured by the change. If it is not, the dam is not an impediment to the navigation, and the plaintiff cannot recover.

We may take any stage of water, and say if at that stage the stream was not navigable at the place where the dam is, then the dam cannot be an impediment to any one in navigation. If there was no navigability there before, the dam makes it no worse for navigation. A dam is not an impediment to navigability created by and depending on the dam. It is no wrong that the dam stops navigation at the foot of the pool, if without the pool there could be no navigation. Craft that could not be navigated there at a given stage of water before the dam was built, cannot be said to be impeded by the dam at a similar stage. Before the dam was built, people suited their craft to the natural navigability of the stream, and they are not injured if such craft so suited can still navigate with equal safety at a given place and stage of water.

The learned judge must have been understood by the jury to deny these principles, and in this his instructions were erroneous.

Judgment reversed, and a new trial granted.